# MATTER OF HUETE

## In Deportation Proceedings

### A-29570427

*Decided by Board February 19, 1991*

(1) In order to effect personal service of an Order to Show Cause and Notice of Hearing (Form I-221) sent by certified mail, return receipt requested, the receipt must be signed by the addressee or a responsible person at his or her address and returned.

(2) The respondent did not have a reasonable opportunity to be present at his deportation hearing where he was not personally served with the Order to Show Cause.

(3) The immigration judge did not err in terminating deportation proceedings based on his finding that the Order to Show Cause was not properly served where the certified mail return receipt was not signed and returned.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT:
Lenore A. Ceithaml, Esquire[1]
862 Union Street, Suite B
San Diego, California 92101

ON BEHALF OF SERVICE:
Alan S. Rabinowitz
Assistant District
Counsel

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated April 13, 1990, the immigration judge terminated the deportation proceedings against the respondent based on his finding that the Immigration and Naturalization Service had failed to prove that the respondent had been personally served with the Order to Show Cause and Notice of Hearing (Form I-221) under the provisions of 8 C.F.R. § 103.5a(a)(2)(iv) (1990).[2] The Service has appealed from that decision. The appeal will be dismissed.

---

[1] Counsel for the respondent filed a Notice of Entry of Appearance as Attorney or Representative Before the Office of the Immigration Judge (Form EOIR-28) and submitted an amicus curiae brief on appeal at the request of the immigration judge. Counsel has had no contact with the respondent.

[2] By its terms, 8 C.F.R. § 103.5a(a) (1990), which defines the terms "routine service" and "personal service," applies only to the "authorized means of service by the Service on parties and on attorneys and other interested persons of notices, decisions, and other

The record reflects that on February 8, 1990, the Service issued an Order to Show Cause against the respondent charging him with deportability under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1988), as an alien who entered without inspection.[3] The Order to Show Cause was sent by certified mail, return receipt requested, to the respondent at his last known address. The respondent's address was obtained from an application that he filed with the district director on March 21, 1989. The registered mail return receipt was returned to the Service as unclaimed. Notice of the respondent's master calendar hearing was sent by regular mail to the same address. The respondent did not appear at the hearing.

In his decision terminating the deportation proceedings, the immigration judge found that although the Service had mailed a copy of the Order to Show Cause by certified mail, return receipt requested, in accordance with the provisions of 8 C.F.R. § 103.5a(a)(2)(iv) (1990), personal service was not effected because the respondent did not actually receive the Order to Show Cause. The immigration judge found that personal service by certified mail as provided in 8 C.F.R. § 103.5a(a)(2)(iv) (1990) is incomplete unless the respondent actually receives the Order to Show Cause, as evidenced by the signed return receipt. The immigration judge further noted that the respondent was apparently not notified of his obligation to inform the Service of any changes of address. The immigration judge concluded that proceeding with an in absentia hearing would be a violation of due process, given the respondent's unfamiliarity with the American legal system and his lack of actual notice of the charges against him.

On appeal, the Service contends that service of an Order to Show Cause accomplished by mailing a copy by certified or registered mail, return receipt requested, addressed to the respondent at his last known address, complies with the provisions of 8 C.F.R. § 103.5a(a)(2)(iv) (1990) for personal service of a notice. The Service asserts that 8 C.F.R. § 103.5a(b) (1990) provides that, whenever service by mail is used, service is effective upon mailing. Citing 8 C.F.R. § 103.5a(b) (1990), the Service argues that it is the act of mailing the Order to

papers ... in administrative proceedings before Service officers." We recently found the definitions of "routine service" and "personal service" provided in 8 C.F.R. § 103.5a(a) (1990) applicable to those terms as used in 8 C.F.R. § 242.1(c) (1990), which governs service of the Order to Show Cause in deportation proceedings. *See Matter of Peugnet,* 20 I&N Dec. 233 (BIA 1991).

[3] A Record of Deportable Alien (Form I-213) included in the record is dated January 11, 1990, and it appears that an Order to Show Cause may have been issued on that date. If that Order to Show Cause was served on the respondent, the Service could now file it with the Office of the Immigration Judge to reinitiate proceedings. Alternatively, the Service could reserve the February 8, 1990, Order to Show Cause on the respondent.

Show Cause by certified or registered mail and not its receipt by the respondent which constitutes personal service. The Service argues further that since notice of the hearing was sent to the respondent at the address he provided to the Service, he was given a reasonable opportunity to be present at his hearing and that an in absentia hearing should have been conducted. The Service contends that the respondent's failure either to claim the Order to Show Cause or to notify the Service of his current address should not enable him to evade a determination of his deportability.

In her brief on appeal, counsel for the respondent relies in part on a formal opinion by the Immigration and Naturalization Service General Counsel, dated June 11, 1990, which provides that the Service should not seek an in absentia deportation order if the United States Postal Service was not able to deliver the Order to Show Cause to the alien.[4] Counsel for the respondent contends that it would be improper and a violation of due process to enter an order of deportation where the alien did not receive actual notice of the deportation proceedings.

Section 242(b) of the Act, 8 U.S.C. § 1252(b) (1988), provides, in pertinent part:

> Determination of deportability in any case shall be made only upon a record made in a proceeding before a special inquiry officer, at which the alien shall have reasonable opportunity to be present.... [T]he alien shall be given notice, reasonable under all the circumstances, of the nature of the charges against him and of the time and place at which the proceedings will be held....

The regulations implementing section 242 of the Act at 8 C.F.R. § 242.1(c) provide, in pertinent part, that

> [s]ervice of the order to show cause may be accomplished either by personal service or by routine service; however, when routine service is used and the respondent does not appear for hearing or acknowledge in writing that he has received the order to show cause, it shall be reserved by personal service.

For the purposes of stating the authorized means of service by the Service on parties and on attorneys and other interested persons of notices, decisions, and other papers in administrative proceedings before Service officers, the term "personal service" is defined in 8 C.F.R. § 103.5a(a)(2) (1990). Such definition of personal service includes: "Mailing a copy [of the notice] by certified or registered mail, return receipt requested, addressed to a person at his last known address." 8 C.F.R. § 103.5a(a)(2)(iv) (1990). The regulations at 8 C.F.R. § 103.5a(b) (1990) further provide: "Whenever a person has the right or is required to do some act within a prescribed period after the service of a notice upon him and the notice is served by mail, 3

_____
[4] As noted in the Service reply brief, that opinion was withdrawn by the General Counsel on July 13, 1990.

days shall be added to the prescribed period. Service by mail is complete upon mailing."

Our review of the statute and pertinent regulations leads us to conclude that the most reasonable interpretation of the provision for service by certified mail, return receipt requested, is to require that the certified mail receipt be signed by the respondent or a responsible person at the respondent's address and returned to effect personal service. Absent such a requirement, there is no meaningful distinction between service by certified mail and service by regular mail. We note that the alternative provisions for personal service listed in 8 C.F.R. § 103.5a(a)(2) (1990) each involve service upon a person, rather than an address.

The Service incorrectly relies upon 8 C.F.R. § 103.5a(b) (1990) for the proposition that service of the Order to Show Cause by certified mail is effective upon mailing. That regulation pertains to the computation of deadlines for responding to notices sent by mail. It does not define what service is required in order to initiate deportation proceedings. The Service further implies that the respondent may have refused to claim the Order to Show Cause. This allegation has no support in the record, which merely reflects that notice of the certified mail was left at the address provided by the respondent and that the mail was not claimed. We find persuasive the reasoning of former Immigration and Naturalization Service General Counsel William P. Cook, who held in the June 11, 1990, formal opinion cited by counsel for the respondent that an alien has not had a "reasonable opportunity to be present" as required in section 242(b) of the Act where he or she has not received the Order to Show Cause and consequently may not even be aware that deportation proceedings have been instituted. We conclude that the immigration judge did not err in terminating proceedings based on his finding that the respondent was not properly served with the Order to Show Cause where the certified mail receipt was not signed and returned. Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.