In the

# United States Court of Appeals
## For the Seventh Circuit

No. 03-2640

EMANUEL ADEYEMO,*

*Petitioner*,

*v.*

JOHN D. ASHCROFT,

*Respondent.*

Petition for Review of an Order
of the Board of Immigration Appeals.
No. A72 104 755

ARGUED APRIL 21, 2004—DECIDED SEPTEMBER 2, 2004

Before COFFEY, MANION, and KANNE, *Circuit Judges*.

KANNE, *Circuit Judge*. The petitioner in this immigration case, Emanuel Adeyemo, claims that he did not receive notice of his deportation hearing. The government sent the initial Order to Show Cause by certified mail to the correct address, but Adeyemo has presented evidence that the

---

* The petitioner's last name is spelled "Adeeyemoh" in the decisions of the Immigration Judge and the Board of Immigration Appeals. We follow the spelling used in the briefs and throughout most of the administrative record.

signature on the return receipt is not his. He suggests that some other resident of his 187-unit apartment building may have signed for the certified letter but failed to pass it along to him. Because the government has not adequately shown that the notice was properly delivered, we grant Adeyemo's petition for review.

The case hinges on the distinction between Orders to Show Cause and Notices of Hearing. Under the pre-1996 version of the Immigration and Nationality Act (INA), an alien's initial notice of deportation proceedings was provided in an Order to Show Cause, which had to be delivered in person or by certified mail. *See* INA § 242B(a)(1), 8 U.S.C. § 1252b(a)(1), *repealed by* Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), § 308(b)(6), Pub. L. 104-208, 110 Stat. 3009 (Sept. 30, 1996). Besides informing the alien of the nature of the charges against him, the Order to Show Cause directed him to provide the government with a current address to which further notices could be sent. These included the Notice of Hearing, informing the alien of the time and place at which proceedings would be held. *See* INA § 242B(a)(2), 8 U.S.C. § 1252b(a)(2) (repealed 1996).[1]

The distinction between these two forms of notice is important because of the differing consequences of nondelivery. In *Matter of Huete*, 20 I. & N. Dec. 250, 253 (BIA 1991), the Board of Immigration Appeals held that when certified mail is used to deliver an Order to Show Cause, "the certified mail receipt [must] be signed by the respondent or a responsible person at the respondent's address and returned to effect personal service." In contrast, the BIA has held that no such proof of delivery is required for a Notice of Hearing, but only proof of at-

---

[1] These two forms of notice have since been consolidated into a single "Notice to Appear," for which the use of certified mail is no longer required. *See* INA § 239(a)(1), 8 U.S.C. § 1229(a)(1).

tempted delivery. *See Matter of Grijalva*, 21 I. & N. Dec. 27, 33 (BIA 1995).

In Adeyemo's case, the Immigration and Naturalization Service issued an Order to Show Cause in February 1994. A certified mail receipt, signed on March 8, was returned to the agency, but the signature on the receipt was illegible. A later Notice of Hearing was returned as undeliverable. The hearing was held in February 1995, and when Adeyemo did not appear, he was ordered deported *in absentia.*

Seven years later, when Adeyemo found out about this deportation order, he moved to reopen his deportation proceedings for lack of notice. He claimed that he did not receive either the Order to Show Cause or the Notice of Hearing. The immigration judge denied the motion, declaring that it did not matter whether the documents were received, so long as there was proof of attempted delivery.

This was, of course, a mistake. The IJ explicitly relied on the BIA's decision in *Grijalva*, not recognizing that the reasoning of that case is limited to Notices of Hearing, and does not apply to Orders to Show Cause. *See Grijalva*, 21 I. & N. Dec. at 32; *see also Tapia v. Ashcroft*, 351 F.3d 795, 798 n.5 (7th Cir. 2003). Adeyemo pointed out this error on appeal to the BIA, and presented contemporary examples of signatures from himself and from his ex-wife Casandra to show that the signature on the return receipt was neither his nor that of any responsible person at his address.

The BIA acknowledged the IJ's mistake, but nevertheless concluded that the government had presented sufficient proof of proper delivery. The Board placed the burden of proving nonreceipt squarely on Adeyemo:

> We do not read the statute or *Matter of Huete* . . . as imposing on the Service the burden of establishing that the postal service had the return receipt signed by either the respondent himself or a responsible person. To hold otherwise would allow an alien to thwart

effective service by altering his or her signature on the return receipt or by disclaiming knowledge of the signatory of the return receipt.

Finding "no indication on the face of the [return receipt] that the person who signed [it] suffered from a legal infirmity due to either age or mental incompetence," the BIA charged Adeyemo with receipt of the Order to Show Cause. As for the later Notice of Hearing (which had been returned as undeliverable) the BIA found there was proof of attempted delivery, which is sufficient under *Grijalva* for such notices. The BIA therefore dismissed Adeyemo's appeal.

Adeyemo now argues that the BIA wrongly considered the illegible signature on the certified return receipt to be adequate proof under *Huete* that the Order to Show Cause was properly delivered, and contends that the Board's refusal to reopen his deportation proceedings was therefore an abuse of discretion. The government argues in response that it is appropriate to presume that the post office carries out its duties properly—specifically, that the post office would not deliver the certified mail to an unauthorized person—and Adeyemo's evidence that the signature on the receipt was neither his nor his ex-wife's is not enough to overcome this presumption.

Under the former § 242B(c)(1) of the INA, 8 U.S.C. § 1252b(c)(1) (repealed 1996), when an alien fails to appear at a deportation hearing, the government must establish "by clear, unequivocal, and convincing evidence" that proper notice was given. The BIA determined in *Huete* (and reaffirmed in *Grijalva*) that when the initial notice in the Order to Show Cause is sent by certified mail, proper delivery must be demonstrated by a certified mail receipt "signed by the respondent or a responsible person at the respondent's address." The BIA noted that "[a]bsent such a requirement, there is no meaningful distinction

between service by certified mail and service by regular mail." *Huete*, 20 I. & N. Dec. at 253; *see also Grijalva*, 21 I. & N. Dec. at 32 (reaffirming *Huete*'s holding that a certified mail receipt must be signed by the respondent or a responsible person at the respondent's address to accomplish personal service of an Order to Show Cause).

In this case, the certified mail receipt was returned with a signature. The question is whether the government must show that the signature belonged to Adeyemo or some responsible person at his address. We recently analyzed a similar situation in *Tapia v. Ashcroft*, 351 F.3d 795. In that case, the government sent an Order to Show Cause by certified mail to Tapia's last known address. The return receipt appeared to bear the signature of Tapia's adult sister, who lived with him at that address. Tapia argued that the government had not shown that the person who signed the receipt was "responsible." He did not, however, have his sister testify that the signature was not hers, nor did he argue or present evidence that his sister was not in fact a "responsible person." We concluded that the government had met its burden of showing delivery. *Tapia*, 351 F.3d at 798.

This case differs from *Tapia* in two respects. First, in *Tapia* there was evidence that the signature belonged to Tapia's adult sister; in this case, the signature is almost completely illegible and does not resemble any of the signature exemplars provided by Adeyemo and his ex-wife. Second, Tapia presented no evidence to rebut the government's claim that the signature was his sister's or that his sister was a "responsible person"; Adeyemo, in contrast, has presented evidence that the signature was neither his nor his ex-wife's and that there was no other responsible person living at his address at the time.

The government suggests that Adeyemo's evidence of nonreceipt is inadequate. It cites *Grijalva* for the proposi-

tions that "a bald and unsupported denial of receipt of certified mail notices is not sufficient to support a motion to reopen" and that the presumption of proper delivery can only be rebutted by "substantial and probative evidence . . . showing that there was improper delivery." *See Grijalva*, 21 I. & N. Dec. at 37. But again, this passage from *Grijalva* concerns only Notices of Hearing, to which the return-receipt requirement does not apply. *See id.* at 34 (when a Notice of Hearing is provided by certified mail, "[t]here is *no requirement* that the return receipt be signed by the alien or a responsible person at his address to effect service") (emphasis added). In contrast, there *is* such a requirement in the context of delivering an Order to Show Cause. *See id.* at 32 (when an Order to Show Cause is sent by certified mail, "the certified mail receipt [must] be signed by the respondent or a responsible person at the respondent's address").

The illegible signature on the return receipt in this case is not enough to create a presumption of actual delivery to Adeyemo or a responsible person at his address. We therefore GRANT the petition for review and REMAND the case for further proceedings.


A true Copy:

          Teste:

                              _____
                              *Clerk of the United States Court of*
                              *Appeals for the Seventh Circuit*