**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 5, 2005[*]
Decided April 6, 2005

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-4037

| | |
|---|---|
| JOSE L. LEMUS-HERNANDEZ, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals |
| *v.* | No. A71-467-381 |
| ALBERTO R. GONZALES, Attorney General of the United States, *Respondent*. | |

**O R D E R**

Mexican national Jose Lemus-Hernandez appeals from the denial of his motion to reopen deportation proceedings dating back to 1991. He alleges that he was deprived of due process because the post office failed to deliver the notice sent to inform him of his deportation hearing that year. For the reasons that follow, we deny the petition.

Lemus-Hernandez entered the United States without inspection in February 1989. He came to the attention of the INS in March 1991 when police stopped him on suspicion of gang involvement. On determining that he was an undocumented alien,

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

the police turned him over to the INS.  The INS ordered him to show cause why he should not be deported, and, obtaining from him an address at which he could be reached, released him on his own recognizance.  The address Lemus-Hernandez gave the police, and the INS, was that of his aunt, with whom he was living at the time.  However, Lemus-Hernandez did not specify that mail should be sent to him "care of" his aunt.  When the INS tried to send the notice of his deportation hearing about two months later, the notice was returned, stamped "No Name on Apartment Mailbox.  Addressee Unknown."  Not having received the notice, Lemus-Hernandez did not appear at the hearing and was ordered deported in absentia.

The record does not show that the INS ever tried to contact him again, and Lemus-Hernandez apparently did not inquire as to what had become of his case.  Almost twelve years passed, and then, in January 2003, Lemus-Hernandez filed the motion to reopen that is the basis of this appeal.  He alleged that he was not able to appear at his hearing because he did not receive notice of the date, time, and place.  He does not explain the lengthy delay in filing, but in any case, the motion to reopen was denied by the IJ on grounds that actual receipt is not required to make notice adequate and that Lemus-Hernandez was "negligent" in failing to include a "c/o" designation in his address.  The BIA deemed Lemus-Hernandez's notice of appeal untimely,[1] but nevertheless summarily affirmed the IJ's decision.

We review the BIA's denial of a motion to reopen for abuse of discretion.  *Awad v. Ashcroft*, 328 F.3d 336, 341 (7th Cir. 2003).  Because the BIA summarily approved the IJ's opinion, the IJ's opinion is the basis of our review.  *Tolosa v. Ashcroft*, 384 F.3d 906, 908 (7th Cir. 2004); *Krouchevski v. Ashcroft*, 344 F.3d 670, 671 (7th Cir. 2003).

According to the statute governing notice of a deportation hearing in 1991, 8 U.S.C. § 1252(b) (1990), "[T]he alien shall be given notice, reasonable under all the circumstances, of the nature of the charges against him and of the time and place at which the proceedings will be held."  *See In re Huete*, 20 I. & N. Dec. 250, 252 (BIA 1991) (interpreting the statute in the context of notice for Orders to Show Cause).  Such notification did not always have to be made by personal service, *see* 8 C.F.R. § 103.5a(c)(1) (1990)("personal service" is required only for "service of the initiating notice and of notice of any decision by a Service officer").  Rather, notification of information about the hearing, after the initial Order to Show Cause has been served, is to be made by routine service, which means "mailing a copy by ordinary mail addressed to a person at his last known address," *see* 8 C.F.R. § 103.5a(a)(1).  *See also Joshi v. Ashcroft*, 389 F.3d 732, 736 (7th Cir. 2004) (applying same standard for proceedings initiated today).

---

[1]The timeliness of the appeal is not at issue, however, since the government has conceded that the BIA was mistaken on that ground.  (*See* Att'y Gen. Br. at 11 n.9.)

On appeal, Lemus-Hernandez's strongest argument is that he did not get notice because the postal service improperly delivered the mail. He believes that the postal service should have left the INS's letter in his aunt's mailbox, even though it lacked the "in care of" designation. However, he cites no authority in support of this proposition.

The record shows that the INS did all it was obligated to do under the relevant statutes and regulations. In May 1991 it personally served Lemus-Hernandez with an Order to Show Cause, so that he was aware that proceedings had been initiated against him. Then it sent a notice of the date and time of his hearing to the only address he had provided for the purpose of receiving such mail. Moreover, the postal service attempted to deliver the notice, as corroborated by postal markings stamped on the envelope. As the IJ pointed out, Lemus-Hernandez is responsible for his failure to receive notice because he did not comply with his obligations under the postal regulations. *See Sharif v. Ashcroft*, 280 F.3d 786, 788 (7th Cir. 2002) (holding that where the "address problem is the fault" of the alien, "there is no constitutional problem with the agency's procedures and no basis for judicial relief"). The address Lemus-Hernandez provided was incomplete under the postal regulations because it failed to include a c/o designation, *see* Postal Serv. Domestic Mail Manual § 153.16 (1990), and without that designation the mail could not be properly delivered. *Cf. Hoffenberg v. Comm'r of Internal Revenue*, 905 F.2d 665, 666 (2d Cir. 1990) (citing § 153.16 and concluding that IRS's addition of an "in care of" line in otherwise correct address used in notice of deficiency did not render address incorrect). In any event, Lemus-Hernandez has the burden of proof on appeal that the BIA erred in its decision, *see Capric v. Ashcroft*, 355 F.3d 1075, 1086 (7th Cir. 2004), and he has nothing to offer but the unsupported assertion that the IJ was imposing a "new judicial requirement."

The IJ and the BIA did not abuse their discretion in determining that Lemus-Hernandez was properly served with notice of his deportation hearing. Therefore, we must DENY the petition.