**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued February 15, 2006
Decided May 12, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2901

| | |
|---|---|
| BRIGIDA LOPEZ,<br>           *Petitioner*, | On Petition for Review of<br>an Order of the Board of<br>Immigration Appeals |
|           *v.* | |
| | A77-775-756 |
| ALBERTO R. GONZALES,<br>           *Respondent*. | |

**O R D E R**

After Brigida Lopez was ordered removed in absentia for failing to appear at her removal hearing, she moved to reopen, alleging that she did not receive actual notice of the hearing.  Disbelieving her allegation and also finding that she had failed to notify the INS of her purported new address, the Immigration Judge ("IJ") denied the motion.  The Board of Immigration Appeals ("BIA") summarily affirmed. We deny the petition for review because the IJ's decision charging Lopez with notice is supported by substantial evidence and also is justified by Lopez's failure to apprise the INS of any purported move to a new residence.

Lopez entered the United States from Mexico without inspection sometime in 1994 and applied to adjust her immigration status to that of a lawful permanent resident in 1999.  The INS denied the application in July 1999.  That decision was

addressed to Lopez at "68 W. Elizabeth Drive, Apartment #10" in Addison, Illinois, where she admittedly resided at that time.

On June 23, 2000, the INS sent Lopez a notice to appear for a removal hearing. The notice was sent by regular mail to apartment #10 at 68 W. Elizabeth Drive in Addison. The INS sent a subsequent notice dated September 29, 2000, providing Lopez with the date and time of her hearing, again to apartment #10 and by regular mail. A third notice sent on January 16, 2001, to the same apartment directed her to appear for a master calender hearing in her removal proceedings on April 20, 2001.

When Lopez failed to appear at the hearing on April 20, the IJ ordered her removed in absentia. The INS sent a copy of that order (the "bag-and-baggage letter") this time by certified mail to her address at 68 W. Elizabeth Drive, apartment #10, informing her that she had been ordered removed. A receipt card accompanying the bag-and-baggage letter was signed by her husband, Jose Lopez-Casas, on November 20, 2001. According to Lopez, she discovered for the first time that she had been ordered removed in absentia during an interview for a second application to adjust status that she filed in April 2003. She asserts she was unaware of the hearing or the in absentia removal order because the notices were sent to apartment #10 and she had moved from that apartment to apartment #5 in the same housing complex in August 1999.

In support of her motion to reopen, Lopez submitted the following documents: her own affidavit and affidavits from her husband, her brother-in-law, and his wife attesting to the nonreceipt of the hearing notices and to the move; a bank statement from September 2000 that was sent to Lopez's husband at apartment #5; and a letter dated November 17, 2000, sent to her husband at apartment #5 from the National Visa Center ("NVC") in response to his request for a visa number for her. Her in-laws testified by affidavit that Lopez moved into apartment #5 after they vacated it because they bought a house in August 1999. As evidence of that purchase, Lopez submitted a promissory note signed by her brother-in-law and another person.

In a one-paragraph order the IJ declined to credit Lopez's assertion that she had not received the INS notices because she had moved to a different apartment before the notices were sent. The IJ found that Lopez's husband's signature acknowledging receipt of the November 2001 bag-and-baggage letter, mailed to apartment #10, demonstrated that they were still living there several months after the last notice of her hearing was sent in January 2001. Thus, under the authority of *In re M-D-*, 23 I. & N. Dec. 540 (BIA 2002) (stating that delivery to residence equals actual receipt by alien), the IJ concluded that Lopez could be charged with

having received notice.  The IJ also separately found Lopez had failed to properly notify the government of any purported move.

Lopez argues on appeal that the IJ abused his discretion in denying her motion to reopen because he failed to adequately consider her evidence showing she had moved.  *See Singh v. Gonzales*, 404 F.3d 1024, 1027 (7th Cir. 2005) (review of denial of motion to reopen is for abuse of discretion).  Lopez is correct that an IJ may rescind an order of removal entered in absentia if the alien demonstrates that without her own fault she did not receive notice of her removal hearing.  *See* INA § 240(b)(5)(C)(ii), 8 U.S.C. § 1229a(b)(5)(C)(ii); *Sabir v. Gonzales*, 421 F.3d 456, 458-59 (7th Cir. 2005).  Because the BIA summarily affirmed the IJ's opinion, this court reviews the IJ's opinion denying the motion to reopen.  *Tolosa v. Ashcroft*, 384 F.3d 906, 908 (7th Cir. 2004).  Where the IJ's denial of the motion is based on a factual finding, that finding must be supported by substantial evidence.  *See Singh*, 404 F.3d at 1027 (noting that while review of denial of motion to reopen is for abuse of discretion, factual findings underlying denial require the support of substantial evidence).  Substantial evidence is evidence a reasonable mind would find adequate to support a conclusion.  *Id.*

Substantial evidence supports the IJ's factual finding that Lopez received the INS notices.  The IJ was faced with undisputed evidence that Lopez was living in apartment #10 in July 1999 and that her husband signed for the bag-and-baggage letter at apartment #10 in November 2001.  Lopez offers no alternative explanation for these facts, such as the unlikely scenario that she moved from one apartment and then back in two years, or that her husband signed for mail at a residence other than where they lived, or that they maintained two apartments in the same complex.  *Cf. Adeyamo v. Ashcroft*, 383 F.3d 558, 560 (7th Cir. 2004) (granting petition for review where alien explained why signature on receipt card was not evidence that he had moved by showing that signature was not his or his agent's).  A reasonable mind could find this evidence adequate to support the conclusion that Lopez was living in apartment #10 when the hearing notices were sent, none of which were returned as undeliverable.  *See Gurung v. Ashcroft*, 371 F.3d 718, 722 (10th Cir. 2004) (upholding BIA's denial of motion to reopen where alien received subsequent notice mailed to address he claimed to have vacated).  And Lopez simply mischaracterizes the IJ's decision by arguing that he erroneously found the bag-and-baggage letter gave her notice of her hearing; rather, the IJ found that her husband's receipt of the bag-and-baggage letter at the same address to which the earlier notices were sent strongly suggested that she received the other notices as well.  *See In re G-Y-R-*, 23 I. & N. Dec. 181 (BIA 2001) (noting that alien will be charged with receipt where service is made to household member).

Lopez insists that had the IJ adequately weighed her specific evidence, he could have reached a contrary decision.  We do not review whether there was

evidence to support a conclusion contrary to that reached by the IJ, but whether the evidence *compels* a contrary conclusion. *See Bradvica v. INS*, 128 F.3d 1009, 1012 (7th Cir. 1997). And we are not convinced that the record compels a result contrary to that reached by the IJ. The bank statement Lopez submitted dated September 21, 2000, and sent to Lopez's husband at apartment #5, does not prove that she had moved to apartment #5 by June 23, 2000, the date that the initial hearing notice was sent to her at apartment #10. Although the initial notice did not specify the date of the hearing, it warned her that future hearing notices "will be mailed to this address" so she "must" notify the Immigration Court of any change of address or risk an order of removal in absentia. Likewise, the promissory note (reflecting her brother-in-law's move) that Lopez claims the IJ ignored does not compel a conclusion that Lopez had moved by the time the notices were sent; all it demonstrates is that her brother-in-law entered into an agreement for financing in August 1999. Lopez's husband's request to the NVC for a visa number sometime prior to November 2000 does not corroborate her claim that she did not receive notice of her removal hearing, as she contends, because a request for a visa number is a separate proceeding that runs concurrently with removal proceedings. *See Benslimane v. Gonzales*, 430 F.3d 828, 830 (7th Cir. 2005) (describing how removal proceedings advance even though alien filed application for visa). Only where an alien specifically inquires about removal, and not some other proceeding, have such inquiries been found corroborative of a claim of no notice of the removal action. *See Joshi v. Ashcroft*, 389 F.3d 732, 736 (7th Cir. 2004) (noting that alien who sent two letters specifically inquiring about her removal proceedings is corroboration that she had not received notice of hearing); *Salta v. INS*, 314 F.3d 1076, 1079 (9th Cir. 2002). Had Lopez also submitted something that showed that *she*, and not just her in-laws, had moved in 1999, her evidence might be more compelling. But absent this alternative proof, and with the undisputed, signed receipt of the bag-and-baggage letter at apartment #10 in November 2001, Lopez's proffered evidence is inadequate to compel a result that she had moved and did not receive notice.

In addition, Lopez's failure to notify the Attorney General in writing of her purported change of address supports the IJ's decision. An alien has a continuing obligation to notify the Attorney General in writing of any address changes. *See* INA § 265, 8 U.S.C. § 1305(a); 8 C.F.R. § 265.1 (requiring alien to keep address current by completing and mailing Form AR-11 to Department of Justice). Lopez says the notices failed to reach her because she moved, and yet she has never alleged, let alone advanced evidence, that she informed the Attorney General of any address change. Rather, her implicit position is that her husband's communication with the NVC satisfied her duty to report her new address to the Attorney General. Lopez provides no evidence that her husband contacted NVC about the address change before she would have received the June and September 2000 notices, or that her husband's communication was in writing, as 8 U.S.C. § 1305 requires. *See*

*Dominguez v. U.S. Atty. Gen.*, 284 F.3d 1258, 1260-61 (11th Cir. 2002) (finding that lack of evidence as to when alien alerted INS of purported move supported denial of motion to reopen).  Moreover, the NVC is part of the Department of State and her reporting obligation is to the Attorney General.  *Compare* Department of State, National Visa Center, http://travel.state.gov/visa/immigrants/types/types_1309.html *with* INA § 265, 8 U.S.C. § 1305(a).  It is undisputed that Lopez failed to satisfy her duty to notify the Attorney General of any address change.  Under these circumstances, the IJ need not reopen.  *See Sabir*, 421 F.3d at 459 (creating exception to rule that alien must receive notice for situations where alien makes himself unreachable); *Sharif v. Ashcroft*, 280 F.3d 786, 788 (7th Cir. 2002) (holding that there is no basis for judicial relief where the "address problem is the fault" of the alien).

We therefore DENY the petition for review.