United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60943
Summary Calendar

_____

IVONNE LISETTE RODRIGUEZ-SANCHEZ,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A29 953 950
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ivonne Lisette Rodriguez-Sanchez has filed a petition for review of an order of the Board of Immigration Appeals (BIA) denying her motion to reopen 1989 proceedings that resulted in her being ordered deported in absentia. In reviewing the BIA's denial of a motion to reopen, we apply a "highly deferential abuse of discretion standard." Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000). We will affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

perceptible rational approach.  See Singh v. Gonzales, 436 F.3d 484, 487 (5th Cir. 2006) (quotations and citation omitted).

"Under the former § 242B(c)(1) of the INA, 8 U.S.C. § 1252b(c)(1)(repealed 1996), when an alien fails to appear at a deportation hearing, the government must establish by clear, unequivocal, and convincing evidence that proper notice has been given."  Adeyemo v. Ashcroft, 383 F.3d 558, 561 (7th Cir. 2004) (internal quotation omitted).  Although an order to show cause was required to be sent by certified mail signed by the alien, or a responsible person at the alien's last known address, no such requirement existed for a notice of hearing following a properly effected order to show cause.  Id. at 560.

To the extent Sanchez argues that the record fails to show that the notice of hearing was addressed to her at her last known address, Sanchez's failure to raise the argument before the BIA in her motion to reopen precludes our consideration of the issue.  See Wang v. Ashcroft, 260 F.3d 448, 453 (5th Cir. 2001).  To the extent Sanchez argues that the notice of hearing must have been sent by certified mail and claimed by herself or another at the last known address, her argument is unavailing.  See Adeyemo, 383 F.3d at 560.

The BIA did not abuse its discretion by denying Sanchez's motion to reopen.  See Lara, 216 F.3d at 496.  Accordingly, Sanchez's petition for review is DENIED.