

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2007

# Diaz v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5071

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Diaz v. Atty Gen USA" (2007). *2007 Decisions.* Paper 680.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/680

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-5071

———

DOMINGA DIAZ, a/k/a DOMINGA LOPEZ,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

———

On Petition for Review of an Order
of the Board of Immigration Appeals
(BIA No. A71-957-742)
Immigration Judge: Eugene Pugliese

———

Submitted pursuant to Third Circuit LAR 34.1(a)
April 24, 2007

Before: SCIRICA, Chief Judge, FUENTES and ALARCÓN,[*] Circuit Judges.

(Filed: July 30, 2007)

———

[*] The Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals
for the Ninth Circuit, sitting by designation.

OPINION OF THE COURT

FUENTES, Circuit Judge.

Dominga Diaz (formerly Dominga Lopez) petitions for review of a decision of the Board of Immigration Appeals ("BIA" or the "Board") denying her motion to reopen proceedings at which she was ordered deported *in absentia*. Diaz claims that she was inadequately notified of the proceedings. For the reasons that follow, we will deny the petition.

**I.**

*A.*

The deportation proceedings in this case commenced prior to April 1, 1997, and the relevant notification procedures are therefore governed by the Immigration Act of 1990, § 545, Pub. L. No. 101-649, 104 Stat. 4978, 5061-65, 8 U.S.C. § 1252b.[1] Under the relevant provision, "an alien's initial notice of deportation proceedings was provided in an Order to Show Cause, which had to be delivered in person or by certified mail." Adeyemo v. Ashcroft, 383 F.3d 558, 559 (7th Cir. 2004) (citing § 1252b(a)(1)). This

_____

[1] The applicable provision, 8 U.S.C. § 1252b (1994), was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), § 308(b)(6), Pub. L. No. 104-208, Div. C, 110 Stat. 3009-546, 3009-615. This change, however, does not apply to aliens in deportation proceedings prior to April 1, 1997. See Luntungan v. Attorney General, 449 F.3d 551, 556 & n.10 (3d Cir. 2006). For convenience, we do not repeat, in the remainder of this opinion, that 8 U.S.C. § 1252b was repealed by IIRIRA.

Order notified the alien of the charges against her and required that the alien inform the government of any changes in address.  Id.  When service of the Order was effected by certified mail, the mailing receipt had to be signed for by "the respondent or a responsible person at the respondent's address and returned."  Id. at 560 (quoting Matter of Huete, 20 I. & N. Dec. 250, 253 (BIA 1991)).

Subsequent to the Order to Show Cause, the Immigration and Naturalization Service (the "INS")[2] would send an alien a Notice of Hearing, "informing the alien of the time and place at which proceedings would be held."  Id. at 559-60 (citing § 1252b(a)(2)).  Although the Order to Show Cause had to be served by personal delivery or certified mail, the Notice of Hearing required only proof of attempted delivery for there to be effective service.  Id. at 560 (citing Matter of Grijalva, 21 I. & N. Dec. 27, 33 (BIA 1995)).[3]

To enter an *in absentia* order of deportation, the government was required to show "by clear, unequivocal, and convincing evidence" that the alien received the Notice of Hearing.  § 1252b(c)(1).  After 180 days, such an *in absentia* order could be rescinded

---

[2] "On March 1, 2003, the INS ceased to exist as an independent agency within the United States Department of Justice and the INS's functions were transferred to the Department of Homeland Security.  See Homeland Security Act of 2002, Pub. L. No. 107-296, §§ 441, 451, 471, 116 Stat. 2135 (2002).  The BIA remains within the Department of Justice"  Knapik v. Ashcroft, 384 F.3d 84, 86 n.2 (3d Cir. 2004).

[3] With the enactment of IIRIRA, the Order to Show Cause and Notice of Hearing were "consolidated into a single 'Notice to Appear.'"  Id. at 560 n.1 (citing 8 U.S.C. § 1229(a)(1)).

only if, in relevant part, "the alien demonstrates that [she] did not receive notice in accordance with subsection (a)(2) of this section"—i.e., if she did not receive the Notice of Hearing. § 1252b(c)(3)(B).

*B.*

On July 5, 1996, the INS issued Diaz an Order to Show Cause, charging her with seeking entry into the United States by fraud. According to the Order, Diaz had entered the United States as a non-immigrant visitor for pleasure, but had adjusted her status within six months to "conditional permanent resident," based on her marriage to an American citizen. Cert. Rec. at 79. This marriage, the Order stated, "was for immigration purposes only," and Diaz was therefore deportable.[4] Id. The INS sent the Order by certified mail to Diaz's last known address, 373 North 9th Street, Prospect Park, NJ 07508 ("North 9th Street"). It was signed for by Patricia Castro.

On July 30, 1996, the INS sent Diaz a Notice of Hearing by certified mail to the same address. The Notice indicated that a hearing before an Immigration Judge ("IJ") had been scheduled for November 14, 1996 at 9:30 AM. It also stated that, should Diaz fail to appear, the IJ could enter an "order of deportation . . . against you[, provided that] the [INS] establishes by clear, unequivocal and convincing evidence that . . . you or your attorney has been provided this notice and . . . you are deportable." Id. at 99. On August

---

[4] About a year before issuing the Order, the INS revoked Diaz's conditional resident status. Upon Diaz's request, the INS's decision would have been reviewed during the deportation proceedings.

9, 1996, Diaz signed for this mailing.[5]  On November 14, 1996, Diaz failed to appear at the deportation proceeding and the IJ ordered her deported *in absentia*.

More than eight years later, on February 16, 2005, Diaz filed a motion to reopen her proceedings, on the grounds that she "neither received nor was provided written notification of the hearing on November 14, 1996." Id. at 41.  In affidavits submitted with the motion, Diaz denied having received notification of the deportation proceedings, explaining that, by the time the Order to Show Cause was mailed to North 9th Street, she had already moved out.  Diaz also stated that Patricia Castro, who signed for the Order, had never contacted her about the mailing.

In a subsequent affidavit, however, Diaz explained that her attorney had shown her "a certified mail receipt which I signed in August 1996, almost nine years ago." Id. at 14. Seeing the receipt refreshed her memory of "going to the post office and signing for an envelope," but did not remind her of "what was inside the envelope," or whether she had received "a notice to appear before an immigration judge." Id.  Diaz explained that it was "possible that I received a notice to appear before immigration and, believing that my case was over . . . did not bother to find out what it meant." Id.

---

[5] The signed certified mailing does not appear in the Certified Administrative Record, but the IJ and BIA both relied on it in their decisions.  On June 8, 2006, we granted leave to supplement the administrative record with this documentation.  An employee of the Executive Office for Immigration Review declared under penalty of perjury that the copy of the signed mailing was "included in the Record of Proceeding . . . on [Diaz's] case." Cert. Rec. at Supp.  Petitioner does not dispute that she signed for the mailing.  Cert. Rec. at 14.

On May 23, 2005, an IJ denied Diaz's motion to reopen. The IJ stated that the Order to Show Cause and the Notice of Hearing were served by certified mail to the same address, on July 5 and August 9, 1996, respectively. Since Diaz had signed for the Notice of Hearing, and because the Order to Show Cause had been mailed to the same address, the IJ explained that Diaz's "claim that she never received notice is without merit." Id. at 40. The BIA dismissed Diaz's appeal of this decision, concluding, for largely the same reasons as the IJ, that "proper notice was provided to [Diaz]." Id. at 2. Diaz petitions this Court for review of that decision.

## II.

### A.

We review the BIA's denial of Diaz's motion to reopen for abuse of discretion. Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). "Under the abuse of discretion standard, the Board's decision must be reversed if it is arbitrary, irrational, or contrary to law." Fadiga v. Attorney General, 488 F.3d 142, 153 (3d Cir. 2007) (quoting Sevoian v. Ashcroft, 290 F.3d 166, 175 (3d Cir. 2002)). We review factual determinations for substantial evidence and legal questions de novo. Borges, 402 F.3d at 404.

### B.

Diaz argues that the BIA's decision to deny her motion to reopen was based on an erroneous reading of § 1252b. In her view, the statute places the burden on the government to prove "by clear, convincing, and unequivocal evidence" that effective service of the Order to Show Cause was provided. Pet. Br. at 12. Accordingly, she

contends, the government failed to prove that the Order to Show Cause was properly served, because Patricia Castro, who signed for it, was thirteen-years old at the time of signing and therefore not a "responsible person," as required by the statute.  Id. at 13 (citing, inter alia, Huete, 20 I. & N. Dec. at 253).

Contrary to these contentions, however, the subsection requiring the government to establish written notice "by clear, unequivocal, and convincing evidence" refers to the Notice of Hearing, not the Order to Show Cause.  See § 1252b(c)(1) (referring to subsection (a)(2), governing notice of proceedings); Grijalva, 21 I. & N. Dec. at 33 ("By its plain meaning, subsection (c)(1) refers to service of the notices of deportation proceedings, and only pertains to these notices and not to the Orders to Show Cause.").  Accordingly, even had there been inadequate delivery of the Order, this does not mean Diaz was not notified of the proceedings.[6]  Moreover, the burden of proof in a motion to reopen is on the petitioner, not on the government.  See Giday v. INS, 113 F.3d 230, 233 (D.C. Cir. 1997) (noting that, in a motion to reopen under § 1252b, the alien has the burden of demonstrating lack of notice).

Diaz argues that her case "hinges on the distinction between Orders to Show Cause and Notices of Hearing."  Pet. Br. at 16 (quoting Adeyemo, 383 F.3d at 559).  According to Diaz, "a strong presumption of effective service arises" when a Notice of Hearing is sent by certified mail, but *not* when an Order to Show Cause is sent by certified mail.  Id.

---

[6] This case is therefore unlike Adeyemo, in which there was insufficient delivery of both the Order to Show Cause and the Notice of Hearing.  383 F.3d at 560.

(citing Grijalva, 21 I. & N. Dec. at 37). She therefore contends that the Board erred in "presuming" that the Order to Show Cause was properly served because it was sent by certified mail. Pet. Br. at 14.

The distinction Diaz draws is not dispositive in this case, however, because, as the Board concluded, she was actually notified of the proceedings. Both the IJ and BIA concluded that Diaz was adequately served with the Order, and this determination is supported by substantial evidence. As the IJ and BIA noted, the Order was sent by certified mail to Diaz's last know residence, at which Diaz herself later signed for the Notice of Hearing. Based on the mailing receipt in the record, and Diaz's admission that she signed for the Notice of Hearing, we cannot disturb the conclusion that Diaz was actually notified of the deportation hearing.

Our review is limited to the Board's denial of Diaz's motion to reopen, and we conclude that it properly determined that Diaz failed to demonstrate a lack of notification. See § 1252b(c)(3)(B). In light of the finding of actual notice, the Board did not err in its reading of the statute governing the motion to reopen. Cf. Gurung v. Ashcroft, 371 F.3d 718, 722 (10th Cir. 2004) (stating, in context of post-IIRIRA notice procedures, that "[a] motion to reopen focuses on whether the alien actually received notice."). We therefore reject Diaz's contention that the Board's decision is "contrary to law" and an abuse of discretion.

## III.

For the foregoing reasons, we will deny the petition for review.