**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1540
_____

UNITED STATES OF AMERICA

v.

JOSE MIGUEL MARTE, a/k/a ANTONIO SOSA-HERNANDEZ, a/k/a NELSON
FERREIRA, a/k/a GERSON DIAZ,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:22-cr-00115-001)
U.S. District Judge:  Honorable Karen S. Marston
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 16, 2025
_____

Before: SHWARTZ, MATEY, and FREEMAN, <u>Circuit Judges</u>.

(Filed: June 9, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SHWARTZ**, <u>Circuit Judge</u>.

Jose Miguel Marte appeals his conviction for illegally re-entering the United States after being deported. Because his challenges to the District Court's order denying his motion to dismiss and its treatment of his suppression motion fail, we will affirm.

I

In 1994, Marte, using the alias Antonio Sosa-Hernandez, was detained in connection with a drug investigation and turned over to the Immigration and Naturalization Service ("INS"). The INS issued an Order to Show Cause ("OSC") charging that he was subject to deportation and ordering him to appear at a hearing before an Immigration Judge ("IJ"). The OSC informed Marte that (1) notice of the time and location of his hearing would be mailed to the address provided, (2) he was required to notify the INS of any address changes, (3) he could be ordered deported in absentia if he failed to appear at the hearing, and (4) such an order could be rescinded only upon a showing that "exceptional circumstances" prevented his appearance or that he did not receive written notice of the hearing after notifying the INS of any address changes. Supp. App. 88. The address provided was "726 E. Allegheny Ave., Phila., PA." Supp. App. 85.[1] The OSC was personally delivered and read to Marte. Thereafter, the INS mailed notice of the hearing's time and place to the address provided for Marte, but the letter was returned as undeliverable.

---

[1] A typewritten address of "726 E. Hilton Street, Philadelphia, PA," was crossed out and replaced by hand with "726 E. Allegheny Ave., Phila., PA." Supp. App. 85.

2

In 1995, Marte failed to appear for his hearing and was ordered to be deported in absentia (the "1995 Deportation Order"). He was found in the United States in 1997 and was deported following a hearing based on the 1995 Deportation Order. Two times thereafter, in 2000 and 2016, Marte was found in the country and again deported.[2]

In 2021, Marte was arrested on state drug charges and later indicted by a federal grand jury for illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a), (b)(2). Marte moved to dismiss the indictment pursuant to 8 U.S.C. § 1326(d), claiming he did not receive notice of the 1995 deportation hearing and received ineffective assistance of counsel during his 1997 deportation hearing. The District Court denied his motion, finding that the entry of the 1995 Deportation Order was not fundamentally unfair because Marte (1) received sufficient notice of the 1995 hearing under the statute and (2) failed to demonstrate that he received ineffective assistance of counsel at the 1997 hearing. Marte also moved to suppress evidence of his identity gathered during the 2021 arrest that led to his indictment, but before the suppression motion was decided, he pleaded guilty. He waived most of his appellate rights in his plea agreement but reserved the right to appeal the order denying his motion to dismiss.

Marte appeals.

II[3]

---

[2] Marte used various aliases, including "Antonio Sosa-Hernandez," and was issued multiple alien numbers.

[3] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's ruling on the legality of the underlying deportation order. See United States v.

3

Marte argues that the District Court erroneously denied his motion to dismiss and ignored his motion to suppress. We address each argument in turn.

A

As relevant here, a defendant charged with violating 8 U.S.C. § 1326 "may not challenge the validity of the deportation order [which forms the predicate for his § 1326 charge] unless the [defendant] demonstrates that . . . the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). To succeed on a fundamental unfairness claim, the defendant "must show not only that the underlying proceeding suffered some fundamental defect, but also that the result of the defect was prejudicial."[4] United States v. Charleswell, 456 F.3d 347, 358 (3d Cir. 2006).

Marte argues that entry of the 1995 Deportation Order was fundamentally unfair because he (1) did not receive notice of his 1995 deportation hearing and (2) received ineffective assistance of counsel at the 1997 hearing. Neither argument has merit.

1

The notice requirements associated with Marte's 1995 deportation proceedings were governed by the now-repealed 8 U.S.C. § 1252b. See Luntungan v. Att'y Gen., 449 F.3d 551, 555-56 (3d Cir. 2006) (explaining § 1252b applies "to aliens who were placed in proceedings before April 1, 1997"). The statute required that the INS provide written

---

Charleswell, 456 F.3d 347, 351 (3d Cir. 2006). In so doing, we "review the District Court's factual findings for clear error and [] decisions of law [de novo]." Id.

[4] Because we conclude that Marte has failed to demonstrate that the entry of his 1995 Deportation Order was fundamentally unfair, we do not reach the other § 1326(d) requirements.

notice of the charges against the individual in an OSC and serve such notice through either personal service or certified mail. 8 U.S.C. § 1252b(a)(1) (repealed 1996). In addition to the OSC, the INS had to provide written notice of the hearing, specifying "the time and place at which the proceedings will be held." 8 U.S.C. § 1252b(a)(2)(A)(i). Written notice of the hearing is "considered sufficient" upon proof of mailing to the listed address. 8 U.S.C. § 1252b(c)(1).[5]

The INS personally served Marte with the OSC and read it to him, and thereafter, mailed notice of the hearing's time and place to the most recent address it had for Marte. At all times, Marte was on notice that the INS would try to reach him at this address. 8 U.S.C. § 1252b(c). The notice of hearing was returned as undeliverable because it was addressed to "Antonio Sosa-Hernandez," the false name Marte provided to the INS. As the District Court aptly observed, Marte should not be permitted to benefit from his lie. Cf. Sabir v. Gonzales, 421 F.3d 456, 459 (7th Cir. 2005) ("An alien should not be able to make himself unreachable, and then later ask to have his case reopened because he did not receive notice."). Given Marte's false statements, which impeded delivery of the notice to him, the entry of the 1995 Deportation Order was not fundamentally unfair based on notice.[6]

---

[5] See also Ramos-Olivieri v. Att'y Gen., 624 F.3d 622, 625 (3d Cir. 2010) (explaining that under the successor statute to 8 U.S.C. § 1252b, "written notice [of a deportation hearing] is sufficient if mailed to the most recent address provided by the alien"); Adeyemo v. Ashcroft, 383 F.3d 558, 560 (7th Cir. 2004).

[6] Because Marte fails to show insufficient notice, we need not decide whether Marte was prejudiced by any alleged lack of notice. See Charleswell, 456 F.3d at 358 (requiring defendant to demonstrate both a fundamental defect in process and that the alleged defect prejudiced him).

Marte also fails to show that his counsel's representation in the 1997 hearing rendered the 1995 Deportation Order fundamentally unfair. We have recognized that an individual's "right to counsel in an immigration hearing before an IJ is so fundamental to the proceeding's fairness that a denial of that right could rise to the level of fundamental unfairness." Charleswell, 456 F.3d at 360.[7] To demonstrate ineffective assistance of counsel, a defendant must show that "competent counsel would have acted otherwise," and that the defendant "was prejudiced by counsel's poor performance." Fadiga v. Att'y Gen., 488 F.3d 142, 157 (3d Cir. 2007) (internal quotation marks omitted). To demonstrate prejudice, the defendant must "show that there was a reasonable likelihood that the result would have been different if the error[s] . . . had not occurred." Id. at 159 (internal quotation marks omitted).

As the District Court found, Marte offers little evidence in support of his allegations regarding his counsel's incompetence and has not demonstrated a "reasonable likelihood" that any relevant outcome would have been different had he been afforded competent counsel. See Fadiga, 488 F.3d at 159 (internal quotation marks omitted). For example, contrary to Marte's assertion otherwise, his counsel did appear at the 1997 proceeding. Furthermore, Marte fails to explain how he would be entitled to withholding relief or would have prevailed on appeal, and he fails to provide any details regarding the

---

[7] See also Fadiga v. Att'y Gen., 488 F.3d 142, 155 (3d Cir. 2007) (stating an ineffective assistance of counsel claim in removal proceedings "is cognizable" under the Fifth Amendment's due process clause).

purported conflicts or substantial assistance he allegedly provided to law enforcement. Therefore, Marte has not shown that entry of the 1995 Deportation Order was fundamentally unfair due to ineffective assistance of counsel.

B

Marte's challenge to the District Court's failure to adjudicate his suppression motion also fails. Marte was aware that: (1) the motion was not resolved when he entered his guilty plea; and (2) the appellate waiver in his plea agreement preserved only his challenge to the order denying his motion to dismiss. Moreover, because he pleaded guilty, his conviction was not based "in any way on evidence that may have been improperly seized." United States v. Porter, 933 F.3d 226, 229 (3d Cir. 2019) (internal quotation marks omitted). Accordingly, Marte's challenge based on the District Court's failure to decide his motion to suppress fails.

III

For the foregoing reasons, we will affirm.

7