# In re M-D-, Respondent

*Decided December 18, 2002*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1)  An alien may be charged with receipt of a notice to appear and notice of the hearing date, where the notice is sent by certified mail to the alien's correct address, but it is returned by the United States Postal Service marked "unclaimed."

(2) The regulations at 8 C.F.R. § 3.13 (2002) do not require that the notice to appear or notice of hearing in removal proceedings be sent to the alien or the alien's attorney of record by regular mail, as opposed to certified mail.

FOR RESPONDENT: John S. Richbourg, Esquire, Memphis, Tennessee

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: John F. Cook II, Assistant District Counsel

BEFORE:   Board Panel: HOLMES, FILPPU, and OSUNA, Board Members.

OSUNA, Board Member:

On January 23, 2001, an Immigration Judge entered an order of removal in absentia, stating that the respondent failed to appear for the scheduled hearing and finding all claims for relief abandoned.  On February 22, 2001, the respondent filed a motion to reopen to rescind that order pursuant to section 240(b)(5)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1229a(b)(5)(C) (2000), arguing that he did not receive proper notice of the hearing.  In a decision dated March 9, 2001, the Immigration Judge denied the respondent's motion to reopen.  The respondent has appealed from that decision.  The appeal will be dismissed.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a 39-year-old native and citizen of Guinea who entered the United States on or about February 16, 2000, without inspection.  On November 16, 2000, the respondent filed an asylum application with the Immigration and Naturalization Service.  An asylum officer referred the application to the Immigration Court on November 24, 2000.

On November 29, 2000, a Notice to Appear (Form I-862) was served on the respondent.  The Notice to Appear was served by certified mail at the

address the respondent had provided on his Application for Asylum and Withholding of Removal (Form I-589). Included in the Notice to Appear was a notice for a hearing before the Immigration Judge, set for January 23, 2001.

According to postal records, an attempt was made to deliver the certified mail envelope on December 2, 2000, and a second notice was left on December 12, 2000, indicating that the Post Office was holding mail for the respondent. Because no one signed for the envelope on either occasion and the respondent did not appear at the Post Office to claim his mail, the envelope was returned by the Post Office on December 18, 2000, marked "unclaimed."

The respondent did not appear at the January 23, 2001, hearing, and the Immigration Judge issued an order of removal in absentia. In his motion to reopen, the respondent claimed that despite checking his mail every day in anticipation of a decision from the asylum office, he did not receive any notice of the hearing. The Immigration Judge denied the motion, finding, inter alia, that the respondent received proper notice of the hearing pursuant to section 239(a) of the Act, 8 U.S.C. § 1229(a) (2000).

On appeal, the respondent argues that there is no proof that he was served with the Notice to Appear. He asserts further that it was a violation of due process to send the notice by certified mail, even to the correct address, and that he is entitled to reopening to apply for asylum.

The record contains a copy of the notice mailed to the respondent's address, informing him of the pending removal proceedings and of the hearing scheduled for January 23, 2001. The notice was sent to the respondent via certified mail and returned, marked by the United States Postal Service as "unclaimed." The respondent does not assert that the notice was sent to an incorrect address. Nor does he claim that he did not receive notification to pick up mail from the Post Office. Rather, he contends that he did not receive any correspondence from the asylum office or the Office of the Immigration Judge prior to receiving the Immigration Judge's removal decision. He argues further that notice by certified mail violates his due process rights, and that service by regular mail is more likely to reach the intended recipient. The respondent maintains that the certificate of service required by 8 C.F.R. § 3.14 (2002) is sufficient proof of attempted delivery of regular mail and that the regulations at 8 C.F.R. § 3.13 (2002) *mandate* service by regular mail in removal proceedings.

## II. ISSUE

We decide in this case whether an alien can be charged with receipt of a notice to appear and notice of the hearing date, where the notice is sent by certified mail to the respondent's correct address, but is returned by the United States Postal Service marked "unclaimed."

## III. RELEVANT STATUTES AND REGULATIONS

The Due Process Clause protects aliens in removal proceedings and includes the right to a full and fair hearing. *Landon v. Plasencia*, 459 U.S. 21, 32-33 (1982). Notice of proceedings is an important component of any legal process. As the United States Supreme Court has noted,

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information, and it must afford a reasonable time for those interested to make their appearance.

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (citations omitted). Therefore, the focus of the inquiry here is what notice is required in removal proceedings and whether the nature of the notice required is "reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action." *Id.*

Personal service clearly is adequate notice. However, an alien need not actually receive notice of a hearing to satisfy the requirements of due process. *See Farhoud v. INS*, 122 F.3d 794, 796 (9th Cir. 1997) (holding that due process is satisfied if service is conducted in a manner "reasonably calculated" to ensure that notice reaches the alien); *United States v. Estrada-Trochez*, 66 F.3d 733, 736 (5th Cir. 1995); *see also Dobrota v. INS*, 2002 WL 31730719 (9th Cir. 2002). The courts have upheld in absentia deportation orders in proceedings where notice of the hearing was sent either by first-class mail or by certified mail. *Arrieta v. INS*, 117 F.3d 429, 431 (9th Cir. 1997) (holding that certified mail is sufficient even if no one signs for it); *United States v. Estrada-Trochez, supra* (finding that due process was satisfied where first-class mail was returned); *see also Weigner v. City of New York*, 852 F.2d 646 (2d Cir. 1988) (finding sufficient a notice of imminent tax foreclosure sent by first class mail). In a recent decision, the United States Court of Appeals for the Eleventh Circuit held that an alien's due process rights were not violated when the Service sent a notice of a removal hearing by regular mail to an address that the alien had provided several years earlier. *Dominguez v. United States Attorney General*, 284 F.3d 1258 (11th Cir. 2002) (citing *United States v. Estrada-Trochez, supra*, at 736).

Congress has seen fit to amend the notice requirements for proceedings under the Act a number of times in recent years. Prior to 1992, the Act provided only that "the alien shall be given notice, reasonable under all the circumstances, of the nature of the charges against him and of the time and place at which the proceedings will be held." Section 242(b)(1) of the Act, 8 U.S.C. § 1252(b)(1) (1988).

Congress amended the statute in 1990 by adding section 242B of the Act, 8 U.S.C. § 1252b (Supp. II 1990), governing deportation proceedings. Effective as to any Order to Show Cause served after June 13, 1992, section 242B stated that with regard to both an Order to Show Cause and a notice of the time and place of proceedings, "written notice shall be given in person to the alien (or, if personal service is not practicable, such notice shall be given by certified mail to the alien or to the alien's counsel of record, if any)." Sections 242B(a)(1), (2)(A) of the Act; *see also* Immigration Act of 1990, Pub. L. No. 101-649, § 545(a), 104 Stat. 4978, 5061-62, *amended by* Miscellaneous and Technical Immigration and Naturalization Amendments of 1991, Pub. L. No. 102-232, § 306(c)(6), 105 Stat. 1733, 1753; *Matter of Grijalva*, 21 I&N Dec. 27, 32 (BIA 1995). Therefore, at that time, *certified* mail was made the required method of notification if personal service was not practicable, and it remains so for deportation proceedings. *See* 8 C.F.R. § 3.13.

The Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, changed the procedures with regard to notification of proceedings. In removal proceedings, such as we consider here, the statute now provides that "written notice . . . shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any)." Section 239(a)(1) of the Act, 8 U.S.C. § 1229(a)(1) (2000). The statute states that service by mail under this section shall be sufficient if there is proof of attempted delivery to the last address provided by the alien in accordance with section 239(a)(1)(F) of the Act. Section 239(c) of the Act. No particular method of mailing is specified. Although the Act no longer requires that notice be sent by certified mail, service by certified mail is not expressly disapproved. *See* sections 239(a)(1), (2)(A) of the Act (regarding notice to appear and change in time or place of the proceedings).

The applicable regulations at 8 C.F.R. § 3.13 state, in part:

> *Service* means physically presenting or mailing a document to the appropriate party or parties; except that an Order to Show Cause or Notice of Deportation Hearing shall be served in person to the alien, or by certified mail to the alien or the alien's attorney and a Notice to Appear or Notice of Removal Hearing shall be served to the alien in person, or if personal service is not practicable, shall be served by regular mail to the alien or the alien's attorney of record.

Pursuant to 8 C.F.R. § 3.26(c) (2002), an Immigration Judge is required to order an alien removed in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the alien is removable and that written notice of the time and place of proceedings and of the consequences of failure to appear were provided to the alien or to counsel of record. Written notice is considered sufficient if it was provided at the most recent address given by the alien.

## IV.  BOARD DECISIONS

In the past 12 years, we have issued a number of precedent decisions interpreting the various notice provisions as they changed following new legislation.  In *Matter of Munoz-Santos*, 20 I&N Dec. 205 (BIA 1990), we found that notice of the hearing was properly served by regular mail where the regulation did not require any particular form of service and notice was sent to the last known address provided by the unrepresented respondent.  On the other hand, in *Matter of Peugnet*, 20 I&N Dec. 233 (BIA 1991), we held that a deportation hearing could not proceed in absentia where the Order to Show Cause was sent to the alien's address by regular mail, but the alien failed to appear for the hearing or to acknowledge that she received the Order to Show Cause, which was not re-served by personal service, as required by 8 C.F.R. § 242.1(c) (1990).[1]  The regulations no longer require personal service if the alien is served by regular mail and fails to appear.

We subsequently determined that under section 242B(a)(1) of the Act (effective on June 13, 1992), if personal service is not practicable, an Order to Show Cause must be served by certified mail and the certified mail receipt must be signed by the respondent or a responsible person at the respondent's address.  *Matter of Grijalva*, *supra* (citing *Matter of Huete*, 20 I&N Dec. 250 (BIA 1991), for a similar requirement prior to the enactment of section 242B(a)(1)).  With regard to the notice of hearing under section 242B(a)(2), *Matter of Grijalva* found no requirement that the certified mail return receipt be signed, so long as there was proof of attempted delivery.  It also established a presumption that the Postal Service has, in fact, attempted to deliver certified mail, even in cases where the item is returned unclaimed.  Thus, in deportation proceedings under section 242B, attempted delivery by certified mail is sufficient to meet the notice requirements of the Act.  *Id*.  Furthermore, the presumption of effective service can only be overcome by the affirmative defense of nondelivery or improper delivery by the Postal Service if the respondent presents substantial and probative evidence demonstrating that there was improper delivery.  *Id*.

In removal proceedings, we have held that an in absentia order may only be entered where the alien has received, or can be charged with receiving, a Notice to Appear informing him or her of the consequences of failing to provide a current address under section 239(a)(1)(F) of the Act.  *Matter of*

---

[1] That decision also adopted, for purposes of deportation proceedings, a definition of personal service that was applicable to proceedings before Service officers under 8 C.F.R. § 103.5a(a)(2)(iv) (1990), which included certified mail as a form of personal service.  *Matter of Peugnet*, *supra*, at 236.  We have not adopted this definition for purposes of removal proceedings.

*G-Y-R-*, 23 I&N Dec. 181 (BIA 2001).  In that case the issue turned on whether the Notice to Appear, which was sent to the respondent by certified mail and returned unclaimed, constituted constructive notice where the address was obtained from an asylum application that was several years old.  We concluded that it was improper to rely on an old address obtained in another proceeding, and that it was inappropriate to enter an in absentia order of removal where the record reflected that the alien did not receive, or could not be charged with receiving, the Notice to Appear.

   The issues and factual scenario in *Matter of G-Y-R-*, *supra*, and the present case are not identical.  Unlike the present case, *Matter of G-Y-R-* involved a situation where there was a dispute over whether the notice had been mailed to the correct address.  *Matter of G-Y-R-*, however, is instructive for making the point that the alien need not personally receive, read, and understand the Notice to Appear for the notice requirements to be satisfied.  As we noted in *Matter of G-Y-R-*, *supra*, at 189,

> An alien can, in certain circumstances, be properly charged with receiving notice, even though he or she did not personally see the mailed document.  If, for example, the Notice to Appear reaches the correct address but does not reach the alien through some failure in the internal workings of the household, the alien can be charged with receiving proper notice, and proper notice will have been effected.

## V.  ANALYSIS

   The case before us is similar to *Matter of G-Y-R-*, *supra*, in that the respondent was served by certified mail at an address obtained from an asylum application.  Importantly, however, there is no dispute here regarding the correct address.  The respondent had provided the address only a few weeks before the hearing, and he admits that he was living at that address when the Notice to Appear was mailed.  Unlike our decision in *Matter of G-Y-R-*, the issue in the present case is whether the respondent can be *charged with receiving* the Notice to Appear.

   The respondent has not provided convincing arguments that service by certified mail is a violation of due process.  Certified mail was at one time the required form of service by mail in immigration proceedings, and it is still required for deportation proceedings.  In addition, service by certified mail is used in other federal administrative proceedings.  *Patmon and Young Professional Corp. v. Commissioner*, 55 F.3d 216 (6th Cir. 1995) (involving Internal Revenue Service proceedings).  The Ninth Circuit has acknowledged that certified mail sent to an alien's last known address can be sufficient notice of a hearing under section 242B of the Act if a responsible person refuses to sign for the certified mail, or if the alien has changed address without notice, as long as the alien is allowed to demonstrate nondelivery or improper delivery in a motion to reopen.  *Arrieta v. INS*, *supra*.

The statute only generally provides for the use of "service by mail." Section 239(a)(1) of the Act. Although we interpret the revised statute to allow service by regular mail, we do not read the regulation at 8 C.F.R. § 3.13 as conferring on an alien a right to require the use of regular mail instead of certified mail. The regulation provides for the use of regular mail as a convenience to the Service, not as a mandate to use regular mail instead of certified mail. As in this case, the Service and the Immigration Courts routinely use certified mail instead of regular mail in many instances, although the degree of the use of certified mail varies from region to region. We decline to hold that the use of certified mail in such instances is not allowed by the language of 8 C.F.R. § 3.13 when the Act does not specify one form of mailing over another.

We disagree with the respondent's assertion that use of regular mail is more "reliable" and that his due process rights are better protected by the use of regular mail. Thus, we find that no prejudice to the respondent ensued from the use of certified mail in this case. The entire purpose behind the use of certified mail is to ensure that there is proof of delivery to the intended recipient, which is why it is often utilized for important documents. Indeed, the use of certified mail in formal administrative proceedings is reflective of the interests at stake and is more protective of due process. In removal proceedings, the alien's interests are paramount; removal proceedings present an opportunity for the alien to contest removability and to apply for relief from removal. Notice of such proceedings is therefore critical, and in some instances certified mail may be the best way, other than personal service, to ensure adequate notice. For us to now hold that regular mail is more reliable than certified mail would be illogical and would undermine the importance of adequate notice in removal proceedings. We are not persuaded that the language of 8 C.F.R. § 3.13 compels a contrary finding.

As a general matter, the law recognizes a presumption that "[a] letter properly addressed, stamped and mailed is presumed to have been duly delivered to the addressee." *Federal Deposit Ins. Corp. v. Schaffer*, 731 F.2d 1134, 1137 n.6 (4th Cir. 1984) (quoting C. McCormick, *McCormick's Handbook of the Law of Evidence* § 343 (1972)). Moreover, the presumption is especially strong when the delivery is by certified mail, and clear and convincing evidence is required to overcome the presumption. *Id.* at 1137 & n.6. Certified mail has always carried inherent reliability, and its use by other Federal Government agencies has been upheld. *See, e.g.*, *Patmon and Young Professional Corp. v. Commissioner*, *supra* (upholding notice by certified mail that was sent to the taxpayer's last known address and returned as "unclaimed" and "refused"); *Eschweiler v. United States*, 946 F.2d 45 (7th Cir. 1991) (holding that notice of tax deficiency sent by certified mail to the taxpayer's last known address was sufficient, even though it was returned as "unclaimed").

The certified mail receipt sent to the respondent's current address was not signed and was returned to the Service. We must therefore determine the effect of the return of the envelope marked "unclaimed," which reflects the respondent's failure to collect the mail after the Post Office attempted to notify him. The respondent does not claim that the notice was sent to the wrong address, and its return as "unclaimed" indicates that the respondent did not go to the Post Office to claim it. Proof that the notice was sent by certified mail creates a rebuttable presumption of adequate notice, which an alien may overcome through evidence that the Post Office had not attempted delivery or had conducted delivery improperly. *Fuentes-Argueta v. INS*, 101 F.3d 867 (2d Cir. 1996); *see also Arrieta v. INS*, *supra*.

The respondent has not rebutted this presumption. It is not reasonable to allow the respondent to defeat service by neglecting or refusing to collect his mail. As we noted in *Matter of G-Y-R-*, *supra*, at 189, if the Notice to Appear reaches the correct address but does not reach the alien "through some failure in the internal workings of the household," the alien can be charged with receiving proper notice. That is what happened here. The method of service was *reasonably calculated* to ensure that notice reached the respondent, and the presumption of adequate notice has not been rebutted. The respondent can therefore be charged with receipt of the Notice to Appear.

## VI. CONCLUSION

We agree with the Immigration Judge's finding that the respondent was given proper notice of the removal hearing in accordance with section 239(a) of the Act. Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.