[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 22, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15540
Non-Argument Calendar

_____

Agency No. A91-142-910

ELOIDIO RICARDO CASTILLO,

                                                        Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 22, 2006)**

Before DUBINA, HULL and WILSON, Circuit Judges.

PER CURIAM:

Eloidio Ricardo Castillo, a native of Venezuela, petitions through counsel

for review of the Board of Immigration Appeals ("BIA's") decision adopting and affirming the Immigration Judge ("IJ's") order denying his motion to reopen a final order of removal. The order of removal, which was issued *in absentia*, found Castillo to be inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I), as an alien who was convicted of, committed, or admitted committing acts constituting the essential elements of a crime involving moral turpitude. Castillo contends that the denial of his motion to reopen essentially denied him due process, because the reason neither he nor his counsel were present at the removal hearing was that neither of them received the requisite notice of the date for which the hearing was reset. Had such notice been received, Castillo states, he would have been able to appear with counsel and seek a waiver that, if granted, would have allowed him to remain in the United States as a lawful permanent resident. We deny Castillo's petition.

## I.

"[T]he limitations on our jurisdiction to review a final order of removal . . . also control our jurisdiction to review an order denying a motion to reopen a final order of removal." *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 n.2 (11th Cir. 2006) (per curiam). As Castillo was found removable under § 1182(a)(2)(A)(i)(I), he falls within the scope of 8 U.S.C. § 1252(a)(2)(C), which generally limits our review of a final order of removal to "determining whether the petitioner is (1) an

alien (2) who was removable (3) for committing a crime enumerated in one of the statutes listed in section 1252(a)(2)(C)." *Balogun v. U.S. Att'y Gen.*, 425 F.3d 1356, 1359 (11th Cir. 2005). Pursuant to the REAL ID Act of 2005, however, we also have jurisdiction to review "constitutional claims or questions of law" raised by Castillo. *See id.*; 8 U.S.C. § 1252(a)(2)(D). Thus, we have jurisdiction to reach Castillo's claim that the BIA erred as a matter of law and deprived him of due process when it affirmed the IJ's denial of Castillo's motion to reopen.[1]

## II.

We review only the BIA's decision, "except to the extent the BIA expressly adopts the IJ's decision." *Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005) (per curiam). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the denial of a motion to reopen for abuse of discretion. *Ali*, 443 F.3d at 808. "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary and capricious." *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005) (per curiam) (internal quotes omitted). To the extent

---

[1] We note that we are reviewing only the BIA's denial of Castillo's motion to reopen. Castillo never appealed the *in absentia* order of removal to the BIA; thus we cannot reach the merits of that order. *See* 8 U.S.C. § 1252(d)(1); *Sundar v. INS*, 328 F.3d 1320, 1323 (11th Cir. 2003).

3

Castillo contends he was deprived of due process, however, we review his constitutional challenge de novo. *See Ali*, 443 F.3d at 808.

"To establish due process violations in removal proceedings, aliens must show that they were deprived of liberty without due process of law, and that the asserted errors caused them substantial prejudice." *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341-42 (11th Cir. 2003) (per curiam). It is uncontroverted that Castillo received the requisite "Notice to Appear" and notice of a master hearing originally set for March 26, 2004, and that Castillo's attorney, Hector Diaz, successfully moved to continue the hearing, which was later rescheduled for May 28, 2004. According to Castillo's motion to reopen, however, neither Diaz nor Castillo received notice that the hearing was again reset for August 13, 2004, though Diaz states that he was notified via phone that the May 28th hearing would be reset to a later unspecified date.

Where there is "any change or postponement in the time and place of [removal] proceedings, . . . a written notice shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any) . . . ." 8 U.S.C. § 1229(a)(2)(A). The notice must specify "the new time or place of the proceedings" and "the consequences under section 1229a(b)(5) of this title of failing, except under exceptional circumstances,

4

to attend such proceedings." *Id.* Section 1229a(b)(5)(A) states:

> Any alien who, after written notice required under paragraph (1) or (2) of section 1229(a) of this title has been provided to the alien or the alien's counsel of record, does not attend a proceeding under this section, shall be ordered removed in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable (as defined in subsection (e)(2) of this section). The written notice by the Attorney General shall be considered sufficient for purposes of this subparagraph if provided at the most recent address provided under section 1229(a)(1)(F) of this title.

Such an *in absentia* order may be rescinded only upon (1) a motion to reopen filed within 180 days if the alien demonstrates that the failure to appear was because of "exceptional circumstances" (which Castillo does not purport to assert here), or (2) "a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title," or demonstrates that he was "in Federal or State custody" and the failure to appear was not his fault. *Id.* § 1229a(b)(5)(C); *see* 8 C.F.R. § 1003.23(b)(4)(ii).

In the immigration context, "[d]ue process is satisfied if notice is accorded in a manner reasonably calculated to ensure that notice reaches the alien." *Anin v. Reno*, 188 F.3d 1273, 1278 (11th Cir. 1999) (per curiam) (quotes omitted); *see also Jones v. Flowers*, No. 04-1477, slip op. at 4-5 (U.S. Apr. 26, 2006) (notice is deemed constitutionally sufficient "if it was reasonably calculated to reach the intended recipient when sent" and the government "heard nothing back indicating

5

that anything had gone awry"). Here, the record indicates that notice of the hearing change to August 13, 2004 was sent to Diaz on June 30, 2004 by immigration court staff, via regular mail, to the address listed by Diaz on his earlier motion for a continuance. This evidences compliance with § 1229(a)(2)(A), which permits service of such a notice "by mail . . . to the alien's counsel of record." 8 U.S.C. § 1229(a)(2)(A); *cf.* 8 U.S.C. § 1229(c); *Dominguez v. U.S. Att'y Gen.*, 284 F.3d 1258, 1260 (11th Cir. 2002) (per curiam) (stating that under § 1229(c), a § 1229(a) notice "is effective if sent to the 'last address provided by the alien'"). Castillo makes no claim that this statutorily authorized method of service was not "reasonably calculated" to ensure proper notice.

Castillo does argue, however, that even if the notice was *sent* neither he nor his attorney ever *received* it, which is a basis for granting a motion to reopen under 8 U.S.C. § 1229a(b)(5)(C)(ii). In rejecting this argument, the IJ apparently relied upon "a presumption that notice sent, postage prepaid is received." The BIA has recognized that "'[a] letter properly addressed, stamped and mailed is presumed to have been duly delivered to the addressee.'" *In re M-D-*, 23 I. & N. Dec. 540, 546 (BIA 2002) (quoting *FDIC v. Schaffer*, 731 F.2d 1134, 1137 n.6 (4th Cir. 1984)). When the statute required the use of certified mail, this presumption was a strong one, and could be rebutted only by "substantial and probative evidence" of

6

improper delivery or nondelivery that was not attributable to any fault of the alien. *See In re Grijalva*, 21 I. & N. Dec. 27, 37 (BIA 1995). Section 1229(a), however, no longer requires the use of certified mail, and application of a strong presumption to the use of regular mail is thus unwarranted. *See In re G-Y-R-*, 23 I. & N. Dec. 181 (BIA 2001) (en banc); *Maknojiya v. Gonzales*, 432 F.3d 588, 589 (5th Cir. 2005) (per curiam) (it was an abuse of discretion to apply a strong presumption where notice was sent by regular mail); *Salta v. INS*, 314 F.3d 1076, 1079 (9th Cir. 2002) ("[D]elivery by regular mail does not raise the same 'strong presumption' as certified mail, and less should be required to rebut such a presumption.").[2] Exactly what degree of proof is needed to rebut the lesser presumption accorded to regular mail remains unclear, though several circuits have indicated that an affidavit of nonreceipt might sometimes be sufficient. *See Salta*, 314 F.3d at 1079 (where a petitioner initiated a proceeding to obtain a benefit and had no motive to avoid the hearing, a sworn affidavit that neither petitioner nor a responsible party residing at his address had received the notice should suffice to rebut the presumption of delivery and entitle petitioner to an evidentiary hearing on the veracity of her allegations); *Ghounem v. Ashcroft*, 378 F.3d 740, 744-45

---

[2] Contrary to Castillo's claim in his reply brief, *Maknojiya* does not stand for the proposition that there is *no* presumption of service unless the government uses certified mail. Rather, *Maknojiya* held that it was an abuse of discretion to apply the *strong* presumption discussed in *Grijalva* where notice was sent by regular mail. *See Maknojiya*, 432 F.3d at 589.

(8th Cir. 2004) (same); *Maknojiya*, 432 F.3d at 590 (following *Salta* even though petitioner did not initiate removal proceedings); *cf. Joshi v. Ashcroft*, 389 F.3d 732, 735-36 (7th Cir. 2004) (BIA could have–but has not–held that a mere affidavit of nonreceipt is insufficient to prove nonreceipt of notice).  *But see Gurung v. Ashcroft*, 371 F.3d 718, 722 (10th Cir. 2004) (petitioner who fails to submit documentary evidence and merely alleges that he did not receive proper notice has not demonstrated lack of notice).

In the instant case, the record contains an affidavit by Castillo averring that he never received notice that the date of his hearing had been changed to August 13, 2004, though Diaz had previously informed him that the case "was going to be reset to a later date."  The notice in question, however, was mailed to Diaz, not to Castillo, as permitted by statute.  Although Diaz claims in the motion to reopen that he too never received or was provided written notification of the time, date, and location of the reset hearing, no affidavit by Diaz accompanies the motion in the record.   While we do not purport to define here the minimum proof needed to rebut the presumption of delivery accorded to regular mail, we hold that Diaz's bare allegations, unsupported by any affidavit or documentary evidence, are simply insufficient to do so.[3]

---

[3] We note that a motion to reopen "shall be supported by affidavits or other evidentiary material."  8 U.S.C. § 1229a(c)(7)(B).

III.

Castillo has failed to demonstrate that he was denied due process, or that the BIA or IJ erred as a matter of law in denying his motion to reopen. We therefore deny Castillo's petition.

**PETITION DENIED.**