**Consuelo Del Rosario UMANA–AREVALO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71009.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 23, 2007.

Christopher J. Stender, Esq., Stender & Pope, PC, Phoenix, AZ, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Nora W. Terres, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**580**

MEMORANDUM **

Consuelo Umana–Arevalo, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals affirming without opinion an immigration judge's ("IJ") decision denying her motion to reopen deportation proceedings in which she was ordered deported in absentia. We deny the petition for review in part and dismiss it in part.

The record establishes that notice of Umana–Arevalo's November 1988 hearing was sent to her. Umana–Arevalo attended that hearing and, according to the IJ, received oral notice of her next hearing date. *See Matter of M–D–*, 23 I. & N. Dec. 540, 542 (BIA 2002) ("Prior to 1992, the Act provided only that 'the alien shall be given notice, reasonable under all the circumstances, of the nature of the charges against him and of the time and place at which the proceedings will be held.'" (quoting 8 U.S.C. § 1252(b) (1988))). The IJ's decision was not an abuse of discretion.

We lack jurisdiction to review Umana–Arevalo's unexhausted due process claim that the record should contain a transcript of her November 1988 hearing. *See Zara v. Ashcroft*, 383 F.3d 927, 931 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.