Ahmed v. Holder

BIA
Straus, IJ
A073 040 496

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of September, two thousand ten.

PRESENT:

> DENNIS JACOBS,
> *Chief Judge,*
> JON O. NEWMAN,
> RICHARD C. WESLEY,
> *Circuit Judges.*

───────────────────────────────────

FOISAL AHMED, also known as KAMRUL AHSAN,
          *Petitioner,*

          v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
          *Respondent.*

09-3715-ag
NAC

───────────────────────────────────

FOR PETITIONER:        Justin Conlon, North Haven, Conn.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Ethan B. Kanter, Senior Litigation Counsel; Paul F. Stone, Trial Attorney, Office of Immigration Litigation, United States Department

of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Foisal Ahmed, a native and citizen of Bangladesh, seeks review of an August 4, 2009, order of the BIA affirming Immigration Judge ("IJ") Michael Straus's January 8, 2009, denial of his motion to reopen. *In re Foisal Ahmed,* No. A073 040 496 (B.I.A. Aug. 4, 2009); *aff'g* No. A073 040 496 (Immig. Ct. Hartford, CT Jan. 8, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the denial of a motion to rescind an *in absentia* removal order under the same standard applicable to motions to reopen. *See Alrefae v. Chertoff,* 471 F.3d 353, 357 (2d Cir. 2006). We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)).

An immigration judge may proceed with removal proceedings *in absentia* if an alien fails to appear for a scheduled

-2-

hearing after proper written notice of the hearing is sent to the alien at his most recent address. *See* 8 U.S.C. § 1229a(b)(5)(A). Under the version of the Immigration and Nationality Act in force at the time of Ahmed's deportation hearing, the immigration court was required to serve his hearing notice by certified mail.*See* 8 U.S.C. § 1252b(a)(2)(A) (repealed 1997); *see also Song Jin Wu v. INS*, 436 F.3d 157, 162 (2d Cir. 2006). In *Matter of Grijalva*, 24 I. & N. Dec. 27, 37 (BIA 1995), the BIA held that "where service of a notice of a deportation proceeding is sent by certified mail through the United States Postal Service and there is proof of attempted delivery and notification of certified mail, a strong presumption of effective service arises." This strong presumption may be rebutted "only by substantial and probative evidence such as documentary evidence from the Postal Service, third party affidavits, or other similar evidence demonstrating that there was improper delivery." *See Ping Chen v. U.S. Att'y Gen.*, 502 F.3d 73, 76 n.1 (2d Cir. 2007) (quoting *Matter of Grijalva*, 24 I. & N. Dec. at 37); *see also Fuentes-Argueta v. INS*, 101 F.3d 867, 870 (2d Cir. 1996).

Here, as both the IJ and BIA reasonably found, and Ahmed acknowledges, the letters notifying him of his deportation

hearing were sent to his home address via certified mail and signed for by a responsible adult. Therefore, because the notice was properly delivered, the BIA did not abuse its discretion in finding that Ahmed failed to rebut the "strong presumption" of receipt applicable to notices served by certified mail. *See Ping Chen*, 502 F.3d at 76 n.1; *see also Fuentes-Argueta*, 101 F.3d at 870; *In re M-D-*, 23 I. & N. Dec. 540, 547 (BIA 2002) (holding that, when a hearing notice is delivered by certified mail but "does not reach the alien through some failure in the internal workings of the household, the alien can be charged with receiving proper notice.").

Contrary to Ahmed's argument, the BIA was not required to consider his circumstantial and corroborative evidence of non-receipt because the notices were sent by certified, rather than regular, mail. *See Lopes v. Gonzales,* 468 F.3d 81, 85-86 (2d Cir.2006) (per curiam) (holding that "on a motion to reopen, the BIA must consider all relevant evidence, including circumstantial evidence, offered to rebut" the "presumption of receipt to a notice sent by regular mail"); *see also Alrefae,* 471 F.3d at 360; *In re M-R-A-*, 24 I. & N. Dec. 665, 674 (BIA 2008). Furthermore, the BIA did not violate Ahmed's right to

-4-

due process, as we have held that it is "within the bounds of due process to establish a presumption of adequate notice" when "there is evidence that attempts were made to deliver the petitioner's notice by certified mail." *See Fuentes-Argueta*, 101 F.3d at 872. Because Ahmed was sent proper notice of his deportation hearing, we need not address the BIA's alternate finding that it would deny Ahmed's motion as a matter of discretion because he failed to exercise due diligence in seeking reopening.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk