**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

MARIO ALFONSO-FLORES,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-73757

Agency No. A029-269-959

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:    RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

   Mario Alfonso-Flores, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's order denying his motion to reopen deportation

proceedings issued in absentia and to allow him to apply for benefits under the

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA"), §§ 201-203, Pub.L. No. 105-100, 111. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We deny the petition for review.

The agency did not abuse its discretion in denying Alfonso-Flores' motion to reopen on the ground that he failed to show reasonable cause excusing his failure to attend his hearing. *See* 8 U.S.C. § 1252(b) (1989). Alfonso-Flores does not dispute that he received oral notice of his hearing date. *See Matter of M-D-*, 23 I. & N. Dec. 540, 542 (BIA 2002) ("Prior to 1992, the Act provided only that 'the alien shall be given notice, reasonable under all the circumstances, of the nature of the charges against him and of the time and place at which the proceedings will be held.'" (*quoting* 8 U.S.C. § 1252(b) (1988))).

The agency also did not abuse its discretion in denying Alfonso-Flores' motion to reopen to seek NACARA relief where the motion was over eight years late, *see* 8 C.F.R. § 1003.43(e)(1), and Alfonso-Flores did not demonstrate that equitable tolling was warranted, *see Albillo-De Leon v. Gonzales*, 410 F.3d 1090,

1099-1100 (9th Cir. 2005) (equitable tolling of the NACARA deadline is available where alien demonstrates he acted with due diligence).

**PETITION FOR REVIEW DENIED**.