NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2877

_____

RAMON COPLIN,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA 1:A078-830-303)
Immigration Judge: David Cheng

_____

Submitted Under Third Circuit LAR 34.1(a)
March 23, 2020

Before:   JORDAN, RESTREPO, and GREENBERG, *Circuit Judges*

(Filed: March 24, 2020)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Petitioner Ramon Coplin seeks review of the denial by the Board of Immigration Appeals ("BIA") of his motion to reopen proceedings related to his *in absentia* removal order. Coplin says that he did not receive the notice to appear ("NTA") that was sent by regular mail to the address he provided to the United States Citizenship and Immigration Services ("USCIS"). The BIA decided that Coplin did not overcome the presumption of receipt that attaches to notices sent via regular mail. Because we conclude that the BIA did not abuse its direction in denying the motion to reopen, we will deny the petition for review.

I.      **BACKGROUND**

Coplin is a native and citizen of the Dominican Republic who came to the United States in 1991, when he entered without inspection. He has resided here ever since. In 2001, his status was adjusted to lawful permanent resident on a conditional basis, premised on an application by his U.S. citizen spouse. In 2003, Coplin filed a petition to remove the conditions on his permanent resident status. He appeared at an interview with the USCIS and was advised that the decision on his petition would be mailed to him. On August 8, 2005, Coplin's status as a lawful permanent resident was terminated because he "failed to establish that [his] marriage was entered into in good faith, and not merely to procure [his] entry to the United States as an immigrant." (A.R. 99.) The Department of Homeland Security then issued an NTA charging Coplin as removable. The NTA was sent by regular mail to the address Coplin had provided. Over the next several months, hearing notices were sent to Coplin's address, scheduling and rescheduling the hearing.

2

The date finally set was May 10, 2006, but Coplin failed to appear for his hearing, and the immigration judge ("IJ") ordered his removal *in absentia*.

Although Coplin learned of the removal order in 2006 when he tried to obtain proof of his immigration status in order to renew his driver's license, there was no activity in his case until some six years later, when his counsel sent a letter to the IJ asking to review Coplin's file. Following the submission of that letter, there was again no activity in Coplin's case for nearly six years, at which point his counsel filed a motion to reopen and rescind Coplin's *in absentia* removal order due to lack of notice. In his motion, Coplin claimed that he had not received the notices sent to him, including the NTA, although they were sent to the correct address. He claimed that mail often "disappeared or was stolen" from his building. (A.R. 90.) The IJ denied the motion to reopen, concluding that Coplin had not overcome the presumption that he had received the notices. The IJ also declined to exercise his discretion to sua sponte reopen Coplin's case. The BIA affirmed the IJ's rulings. It determined that service by mail was appropriate, that he had failed to rebut the presumption that he received the notices, and that he had also failed to demonstrate exceptional circumstances warranting the sua sponte reopening of the case.

This timely petition for review followed.

## II.   DISCUSSION[1]

Coplin argues that the BIA erred in concluding that effective service of an NTA has been established, and that the IJ thus did not have authority to enter the *in absentia* order of removal.  We disagree.

Contrary to Coplin's argument, an NTA need not be personally served.  Written notice sent to the most recent address provided by the noncitizen is sufficient.  8 U.S.C. § 1229a(b)(5)(A); 8 C.F.R. § 1003.26(d); *Matter of Grijalva*, 21 I. & N. Dec. 27, 35 (BIA 1995).

Although written notice sent by mail is sufficient, a noncitizen who is ordered removed *in absentia* can have the order rescinded, "if the alien demonstrates that [he] did not receive notice[.]"  8 U.S.C. § 1229a(b)(5)(C)(ii).  Notices sent by regular mail are entitled to a presumption of receipt, albeit a weaker presumption than that which attaches to notices sent by certified mail.  *Santana Gonzalez v. Att'y Gen.*, 506 F.3d 274, 277-78, 280 (3d Cir. 2007).  A noncitizen can rebut the presumption of receipt through the "submission of an affidavit by an alien claiming non-receipt of a notice of hearing by him or her, or a responsible person residing at her address, along with circumstantial evidence corroborating the alien's claims of non-receipt[.]"  *Id.* at 280.  As the BIA has further elaborated:

> In determining whether a respondent has rebutted the weaker presumption of delivery applicable in these circumstances, an Immigration Judge may consider a variety of factors including, but not limited to, the following: (1)

---

[1] The BIA had jurisdiction under 8 U.S.C. § 1103 and 8 C.F.R. § 1003.2, and we have jurisdiction under 8 U.S.C. § 1252.  "[W]e review the denial of a motion to reopen for an abuse of discretion."  *Liu v. Att'y Gen.*, 555 F.3d 145, 148 (3d Cir. 2009).

4

the respondent's affidavit; (2) affidavits from family members or other individuals who are knowledgeable about the facts relevant to whether notice was received; (3) the respondent's actions upon learning of the in absentia order, and whether due diligence was exercised in seeking to redress the situation; (4) any prior affirmative application for relief, indicating that the respondent had an incentive to appear; (5) any prior application for relief filed with the Immigration Court or any prima facie evidence in the record or the respondent's motion of statutory eligibility for relief, indicating that the respondent had an incentive to appear; (6) the respondent's previous attendance at Immigration Court hearings, if applicable; and (7) any other circumstances or evidence indicating possible nonreceipt of notice.

*Matter of M-R-A-*, 24 I. & N. Dec. 665, 674 (BIA 2008).

Here, the BIA was well within its discretion in determining that Coplin had failed to meet his burden to overcome the presumption of receipt. He submitted only his own affidavit stating that he had never received any of the notices and alleging that the mail may have disappeared or been stolen because the mailman left the mail in the building's foyer behind an unlocked door. That statement alone is insufficient to overcome the presumption, especially considering that, when an NTA is delivered by mail "but does not reach the alien through some failure in the internal workings of the household, the alien can be charged with receiving proper notice, and proper notice will have been effected." *In re M-D-*, 23 I. & N. Dec. 540, 545 (BIA 2002).

Moreover, as the BIA noted, several factors undermine Coplin's claims of non-receipt. For instance, he did not provide an affidavit from anyone else who resided at the address to which the notices were sent; the notices were not returned by the postal service; and, significantly, although he became aware of the removal order in 2006 when attempting to renew his driver's license, Coplin waited many years to file his motion to

5

reopen.  Because he did not rebut the presumption that he received the NTA, Coplin's argument that the IJ did not have authority to grant the *in absentia* order of removal against him necessarily fails.

**III.    CONCLUSION**

For the foregoing reasons, we will deny the petition for review.