# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2021

Lyle W. Cayce
Clerk

No. 20-60206
Summary Calendar

Maria Falcon,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A070 694 351

Before Davis, Stewart, and Ho, *Circuit Judges*.

Per Curiam:[*]

Maria Falcon was placed in deportation proceedings in 1993, and she was the subject of an in absentia deportation order that issued in 1995. In 2019, Falcon filed a motion to have her case reopened by the immigration judge (IJ), asserting that she did not appear at her hearing due to lack of

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60206

notice. The IJ denied Falcon's motion, and the Board of Immigration Appeals (BIA) dismissed her appeal. Falcon timely petitioned for review of the BIA's decision.

There is no dispute here that the immigration court mailed Falcon a notice of her hearing via certified mail to the last address she had provided. There is also no dispute that delivery of that mail was attempted or that it was returned to the immigration court marked as unclaimed. Falcon argues, though, that she was unavailable to actually receive the notice of hearing because she had accepted a voluntary departure and was in Mexico at the time of the mailing. Although a failure to receive notice of a hearing can form the basis for a motion to reopen, *see* 8 U.S.C. § 1252b(c)(3)(B) (1993), under these facts there is a strong albeit rebuttable presumption of effective service and adequate notice, *see Ojeda-Calderon v. Holder*, 726 F.3d 669, 673 (5th Cir. 2013); *In Re M-D-*, 23 I. & N. Dec. 540, 547 (BIA 2002). The BIA determined that Falcon failed to meet her burden of rebutting the presumption of effective service, and the record evidence does not compel a contrary conclusion. *See Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). We therefore conclude that the BIA did not abuse its discretion in denying Falcon's statutory motion to reopen, *id.*, and we deny this portion of the petition for review.

Falcon also argues that the BIA committed legal error when it declined to exercise its discretionary authority to reopen her case sua sponte. Citing the failure to receive notice of her hearing, she argues that her immigration proceedings and the in absentia deportation order violated her due process rights. Falcon's failure to raise these due process arguments, upon which the BIA could have granted relief, in her counseled appeal to the BIA precludes us from considering those arguments here. *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). Moreover, we lack jurisdiction to review a refusal to reopen sua sponte.

No. 20-60206

*Hernandez-Castillo v. Sessions*, 875 F.3d 199, 206-07 (5th Cir. 2017). Accordingly, we dismiss this portion of the petition for review.

PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.